J-S21002-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AARON VAUGHN HENDERSON | : | |
| | : | |
| Appellant | : | No.  15 WDA 2016 |

Appeal from the PCRA Order December 1, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0014877-2010

BEFORE:    LAZARUS, DUBOW, and STRASSBURGER, JJ.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.: **FILED: MAY 18, 2017**

Because the PCRA court erred by denying Appellant relief, I respectfully dissent and offer the following analysis.

On April 19, 2011, our Supreme Court granted *allocatur* on the issue of whether a trial court should have the discretion to permit expert testimony regarding memory, perception, and race as it related to eyewitness testimony. *See Commonwealth v. Walker*, 17 A.3d 921 (Pa. 2011).   Appellant's trial commenced on November 30, 2011, and the Commonwealth presented the eyewitness testimony of Rhonda Johnson.  In concluding the evidence was sufficient to sustain Appellant's conviction, this Court pointed out that "the jury credited Johnson's repeated identifications of [Appellant] as the shooter." *Commonwealth v. Henderson*, 93 A.3d 519 (Pa. Super. 2013) (unpublished memorandum).

_____

*Retired Senior Judge assigned to the Superior Court.

Despite the fact that our Supreme Court had granted *allocatur* in *Walker*, counsel for Appellant did not file a motion to present expert testimony for the purpose of preserving this issue in the event the Supreme Court would join "courts in 44 states and the District of Columbia [in permitting] such testimony at the discretion of the trial judge." *Commonwealth v. Walker*, 92 A.3d 766, 782 (Pa. 2014). On May 28, 2014, the Supreme Court concluded that Pennsylvania would indeed join the vast majority of states in permitting such testimony. At that point, Appellant's judgment of sentence had been affirmed by this Court, and his petition for allowance of appeal was being considered by our Supreme Court. Accordingly, his judgment of sentence was not yet final.[1]

In his timely-filed PCRA petition, Appellant contends that trial counsel was ineffective for failing to preserve this issue. The PCRA court, and now the Majority here, conclude counsel was not ineffective because at the time of trial, Pennsylvania law did not permit counsel to call such an expert. We recognize that counsel "will not be deemed ineffective for failing to anticipate a change in the law." *Commonwealth v. Cam Ly*, 980 A.2d 61, 96 (Pa. 2009). However, the issue in this case is whether trial counsel should have been aware of the grant of *allocatur* in *Walker* and preserved the issue for

---

[1] Neither this Court nor the Supreme Court has decided whether the new evidentiary rule announced in *Walker* should be retroactive. However, that does not matter in this case because Appellant's judgment of sentence was not final when *Walker* was decided; so no analysis of retroactivity is required.

the purposes of appeal in the event the Supreme Court changed Pennsylvania law.[2]

Our examination of case law reveals no cases directly on point in Pennsylvania.[3] Moreover, the Circuit Courts of Appeal are divided as to how such matters should be handled.[4] Under the facts of this case, where our Supreme Court adopted a rule that was present in 44 other jurisdictions, I believe that counsel could have had no reasonable basis for not knowing about **Walker** and then preserving this issue. Because Appellant was prejudiced by trial counsel's ineffectiveness, he is entitled to a new trial.

---

[2] Trial counsel submitted an affidavit stating that he was not aware of the grant of *allocatur* in **Walker**.

[3] Our Supreme Court addressed a **Walker**-related issue in **Commonwealth v. Cousar**, 154 A.3d 287 (Pa. 2017). In that case, **Cousar** was charged with capital murder with respect to a series of crimes including murders that occurred in 1999. At his 2001 trial, he was found guilty, and his judgment of sentence was affirmed by our Supreme Court in 2007. In 2017, our Supreme Court considered his timely-filed PCRA petition. In that petition, he alleged that trial counsel was ineffective for failing to file a motion to permit "testimony in the area of eyewitness identification. **Id**. at 303. Our Supreme Court concluded that Appellant was not entitled to an evidentiary hearing or relief for a "claim raised on a collateral attack approximately fifteen years after trial, and following a change in the law as any examination of the reasonableness of counsel's chosen course would necessarily entail hindsight analysis." **Id**. The instant matter is distinguishable because the Supreme Court granted *allocatur* prior to Appellant's trial.

[4] For a comprehensive analysis of this issue, **see** Ruth Moyer, *Counsel As "Crystal Gazer": Determining the Extent to Which the Sixth Amendment Requires That Defense Attorneys Predict Changes in the Law*, 26 Geo. Mason U. Civ. Rts. L.J. 183 (2016).